UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY AND APPRENTICESHIP, SKILL IMPROVEMENT AND SAFETY FUNDS and THE HIGHWAY, ROAD AND STREET CONSTRUCTION LABORERS LOCAL UNION 1010,<br><br>Plaintiffs,<br><br>-against-<br><br>VIF CORP. and FEDERAL INSURANCE COMPANY,<br><br>Defendant. | 18 CV_____<br><br><br><br><br><u>**COMPLAINT**</u> |

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP, allege as follows:

## **NATURE OF THE ACTION**

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, and section 220-g of the New York Labor Law ("NYLL"), by multiemployer welfare and pension funds through their respective Boards of Trustees, and by a labor union, to collect delinquent employer contributions to employee benefit plans and dues check-offs and other contributions that an employer was required to withhold from its employees' pay and forward to the union.

## **JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. 1132(e)(2) because the Funds (as defined below) reside or may be found in this district.

## THE PARTIES

4. Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds (the "Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c). The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and are administered at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

5. Plaintiff the Highway, Road and Street Construction Laborers Local Union 1010 (the "Union") is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the LMRA, 29 U.S.C. § 142, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4). The Union maintains its principal place of business at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

6. Upon information and belief, defendant VIF Corp. ("VIF") is a corporation incorporated under the laws of the State of New York, with its principal place of business at 66-05 Woodhaven Blvd., Basement Suite 5, Rego Park, New York 11374, engaged in the construction industry. At all relevant times, VIF was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.

7. Defendant Federal Insurance Company ("Federal") is a corporation authorized to do business within the insurance industry in the State of New York. Federal maintains its principal place of business at 15 Mountain View Road, Warren, NJ 07059.

## STATEMENT OF FACTS

8. At relevant times herein, VIF was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the Union.

9. The CBA requires VIF to pay specified contributions to the Funds and related entities on behalf of which the Funds act as collection agents in connection with all work performed within the trade and geographical jurisdiction of the Union ("Covered Work").

10. The CBA also requires VIF to report to the Funds the number of hours of Covered Work performed by each of its employees.

11. The CBA further provides that VIF must forward specified dues check-offs and other contributions to the Union for each hour of Covered Work performed by VIF's employees.

12. The CBA requires VIF to comply with a payroll audit to confirm it is complying with its obligations under the CBA.

13. VIF failed to comply with the Funds' request to perform an audit covering the period April 2014 through the present.

14. VIF failed to remit contributions and union assessments for work performed in July and August 2016 and from July and August 2017 in the amount of $29,661.95

15. VIF failed to report the number of hours of Covered Work performed by each of its employees for March through June 2018.

16. VIF also owes interest on the late payment of contributions for April 2014 through February 2018 of $13,543.14.

3

17. Federal issued general payment bond No. 82335239 ("Edenwald Bond") guaranteeing payment of all wages and benefits owed by C.A.C. Industries, Inc. ("C.A.C.") in connection with work C.A.C., or any of its subcontractors, performed on the project titled "NYCHA Edenwald Houses: On-site Stormwater Management Practices Hutchinson River Tributary Area HP-024 North" (the "Edenwald Project").

18. C.A.C. hired VIF as a subcontractor on the Edenwald Project.

## FIRST CLAIM FOR RELIEF AGAINST VIF
*Unpaid Contributions Under 29 U.S.C. § 1145*

19. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

20. Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

21. The CBA requires that VIF make contributions to Plaintiffs for all Covered Work it performed.

22. VIF failed to remit contributions and union assessments for work performed July and August 2016 and July and August 2017 in the amount of $29,661.95

23. VIF failed to report the number of hours of Covered Work performed by each of its employees for March through June 2018.

24. VIF also owes interest on the late payment of contributions for April 2014 through February 2018 of $13,543.14.

25. Pursuant to the CBA, the documents and instruments governing the Funds, and ERISA sections 502(a)(3), 502 (g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. §

4

1145, VIF is liable to Plaintiffs for: (1) delinquent contributions and union assessments for work performed July and August 2016 and July and August 2017 of $29,661.95; (2) an unknown amount of delinquent contributions for March through June 2018; (3) interest on the delinquent contributions at an annual rate of 10%; (4) an unknown amount of unreported dues check-offs and other contributions to the Union for March through June 2018; (5) interest on the late payment of contributions for April 2014 through February 2018 of $13,543.14; (6) liquidated damages in the amount of 20% of the delinquent contributions adjudged to be due and owing; (7) reasonable attorneys' fees, audit fees, and collection costs incurred by Plaintiffs in this action; and (8) such other legal or equitable relief as the Court deems appropriate.

**SECOND CLAIM FOR RELIEF AGAINST VIF**
*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

26. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

27. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

28. VIF violated the terms of the CBA when it failed to timely remit all contributions due and owing for Covered Work it performed during the period April 2014 through the present.

29. As a result of VIF's violation, Plaintiffs are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANT VIF**
*Violation of Collective Bargaining Agreement*

30. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31. At all relevant times, VIF was a party to, or manifested an intention to be bound by a CBA with the Union.

32. The CBA required VIF, *inter alia*, to make specified hourly contributions to the Funds in connection with all Covered Work.

33. The CBA required VIF, *inter alia*, to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.

34. VIF has failed to comply with a request by the Funds to conduct an audit covering the period April 2014 through the present.

35. Pursuant to §§502 and 515 of ERISA, 29 U.S.C. §1132 and 1145, the CBA, and the documents and instruments governing the Funds, the Funds are entitled to an Order directing VIF to submit to an audit of its books and records covering the period April 1, 2014 through the present and ordering VIF to pay all delinquent contributions revealed by such audit, plus interest at the rate of 10% per annum, liquidated damages in the amount of 10% of the amount of delinquent contributions, reasonable attorneys' fees, expenses, and costs, and other costs incurred in connection with the audit and collection procedures.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT FEDERAL
*Violation of NYLL § 220-g*

36. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

37. New York Labor Law § 220-g provides that an employee that furnished labor to either the contractor or subcontractor may bring an action to recover unpaid wages and supplements, including interest, against the contractor, subcontractor-employer or bonding company.

38. As supplemental benefit funds entitled to receive payments of supplemental benefits on behalf of VIF's employees, Plaintiffs are entitled to recover any underpayments for work performed by said employees on the Project.

39. By issuing the payment bond, Federal assumed joint and several liability with C.A.C. to pay any and all wages and supplements due and owing as a result of any subcontractor's failure to pay for work performed on the Project.

40. Upon information and belief, VIF failed to make all supplemental benefits payments to Plaintiffs for work performed by its employees on the Project.

41. In accordance with NYLL § 220-g, this action has been brought within one year of the date of the last alleged underpayment.

42. Therefore, Federal is required to make payment to the Plaintiffs for the amounts due and owing, plus interest, on the Project.

### FIFTH CLAIM FOR RELIEF AGAINST FEDERAL
*Common Law Claim Against the Bond*

43. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. Federal issued a common-law bond on the Project.

45. Pursuant to the common-law bond, Federal guaranteed the payment of wages and benefits due to employees on the Project and thereby assumed liability for all wages and benefits due and owing as a result of it a subcontractors failure to pay benefits for work performed on the Project.

46. As supplemental benefit funds entitled to receive payments of supplemental benefits on behalf of VIF's employees, Plaintiffs are entitled to recover any underpayments for work performed by said employees.

47. VIF failed to make all required supplemental benefits payments to Plaintiffs for work performed by its employees on the Project.

48. Therefore, under the common-law bond and pursuant to the principles of common-law suretyship, VIF is required to make payment to the Plaintiffs for all contributions due and owing, plus interest, on the Project.

**WHEREFORE**, plaintiffs respectfully request that this Court:

i. Award judgment in favor of Plaintiffs and against VIF for its failure to pay Plaintiffs all contributions required by the CBA, in an amount to be determined at trial, including (1) contributions for the period July and August 2016 and July and August 2017 of $29,661.95; (2) an unknown amount of delinquent contributions for March through June 2018; (3) interest on the delinquent contributions at an annual rate of 10%; (4) an unknown amount of unreported dues check-offs and other contributions to the Union for March through June 2018; (5) interest on the late payment of contributions for April 2014 through February 2018 of $13,543.14; and (6) liquidated damages in the amount of 10% of the delinquent contributions adjudged to be due and owing;

ii. Order VIF to submit to an audit of its books and records covering the period April 1, 2014 through the present and order VIF to pay all delinquent contributions revealed by such audit, plus interest at the rate of 10% per annum, liquidated damages in the amount of 10% of the amount of delinquent contributions, reasonable attorneys' fees, expenses, and costs, and other costs incurred in connection with the audit and collection procedures.

iii. Award judgment in favor of Plaintiffs and against Federal in an amount to be determined at trial, consisting of all contributions owed by VIF for work it performed on the Project, plus interest; and

iv. Award Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 24, 2018

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By:    /s/
Nicole Marimon
Charles R. Virginia
40 Broad Street, 7th Floor
New York, NY 10004
Tel: (212) 943-9080
*Attorneys for Plaintiffs*