UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY AND APPRENTICESHIP, SKILL IMPROVEMENT AND SAFETY FUNDS and THE HIGHWAY, ROAD AND STREET CONSTRUCTION LABORERS LOCAL UNION 1010,

Plaintiffs,

-against-

VIF CORP. and FEDERAL INSURANCE COMPANY,

Defendants.

**JOINT PRETRIAL ORDER**

CV-18-4814 (BMC)

---

The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, the following statements, directions, and agreements are adopted as the Pretrial Order herein.

**Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds and the Highway, Road and Street Construction Laborers Local Union 1010 v. VIF Corp. and Federal Insurance Company, 18-CV-4814 (BMC)**

### I.  Trial Counsel

For All Plaintiffs:          VIRGINIA & AMBINDER, LLP
                             Charles R. Virginia, Esq.
                             Nicole Marimon, Esq.
                             Adrianna R. Grancio, Esq.
                             40 Broad Street, 7th Floor
                             New York, NY 10004
                             Tel: (212) 943-9080
                             Fax: (212) 943-9092
                             cvirginia@vandallp.com
                             nmarimon@vandallp.com
                             agrancio@vandallp.com

For Defendant VIF Corp.:     LAW OFFICES OF MARK L. CORTEGIANO, ESQ.
                             Mark L. Cortegiano, Esq.
                             Diana J. Demirdjan, Esq.
                             65-12 69th Place
                             Middle Village, NY 11379

Tel: (718) 894-9500
Fax: (718) 326-3781
mark@cortegianolaw.com
diana@cortegianolaw.com

## II.    <u>Jurisdiction</u>

This Court has jurisdiction over this action pursuant to 28 U.S.C. 1331 and 1367, and 29 U.S.C. 185 and 1132(e)(1).

## III.   <u>Claims and Defenses to be Tried</u>

### a. *Claims*

Plaintiffs[1]:

This is an action to collect contributions to employee benefit plans under sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, by multiemployer welfare and pension funds through their respective Boards of Trustees, and by a labor union.  Complaint ¶ 1.

Defendant VIF Corp. ("VIF") is a signatory to a collective bargaining agreement with the Highway, Road, and Street Construction Laborers Local Union 1010 ("Union"), pursuant to which VIF was required to make specified monetary contributions to the Funds for each hour of work performed within the trade and geographical jurisdiction of the Union ("Covered Work"). Complaint ¶¶ 8-9.  Pursuant to the CBA, VIF was also required to submit to an audit of its books and records in order to confirm its compliance with its obligations to the Funds under the CBA. Complaint ¶ 12.

---

[1] Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds (the "Funds") and the Highway, Road and Street Construction Laborers Local Union 1010 (the "Union").

Plaintiffs intend to prove at trial that defendant VIF, in violation of the CBA and ERISA, failed to comply with the Funds request to perform an audit covering the period April 2014 through the present; failed to remit reported contributions and union assessments to the Funds for Covered Work performed for the period of July through August 2016 and July through August 2017; and failed to report the number of hours of Covered Work performed by each of its employees for the period March through June 2018.  Complaint ¶¶ 13-15.  In addition, Plaintiffs will assert that VIF further violated the CBA by failing to timely pay contributions for the period April 2014 through February 2018, thereby incurring charges for interest on the late payment of contributions. Complaint ¶ 16.

Throughout the litigation, VIF agreed to comply with an audit covering the period April 1, 2014 through September 30, 2018.  Based on VIF's payroll records, the Funds determined VIF owes contributions to the Funds in the amount of $135,094.43 and dues check-offs and other contributions to the Union in the amount of $14,316.68.

Based on the foregoing, Plaintiffs will assert that defendant VIF is liable to the Funds for: (1) contributions as revealed by the audit covering the period April 1, 2014 through September 30, 2018 in the principal amount of $135,094.43; (2) interest on the delinquent contributions at an annual rate of 10%; (3) dues check-offs and other contributions revealed by an audit covering April 1, 2014 through September 30, 2018 in the amount of $14,316.68; (4) interest on the late payment contributions for April 2014 through February 2018 of $13,543.13; (5) liquidated damages not to exceed 10% of the delinquent contributions adjudged to be due and owing; and (6) reasonable attorneys' fees and costs incurred in this action.

Plaintiffs voluntarily dismissed all claims against defendant Federal Insurance Company ("Federal Insurance"). D.E. 7.  Therefore, Plaintiffs do not intend to prove any causes of action asserted in the Complaint as against Federal Insurance.

### b.  Defenses

Defendant VIF Corp. ("VIF")  intend to show that the Plaintiff's  audit is inaccurate and highly overinflates  the principal amount of  unpaid contributions owed by VIF  - if any. Specifically, a comparison of VIF's previously submitted  remittance reports, the audit report and VIF's payroll records, reveal that the audit incorrectly identifies deficiencies in payments.  The audit contains  numerous instances wherein the audit found a deficiency in payments where the payments were actually paid.  In essence the audit inappropriately contains multiple instances of "double billing".

Additionally, four of the Employer Statement Accounts incorporated into the audit fail to identify the period for which they are accounting.  As a result, the statements cannot be accurately compared  to VIF's internal payroll records which were used to perform the audit.

Further, Defendants intend to prove through testimony at trial that VIF's review of the audit resulted in the finding that VIF  actually paid contributions for individuals who  were not members of the Local 1010.  The audit however, ignores the fact that these individuals were not members of the Local 1010 and were thus not entitled to  payment of contributions on their behalf. Accordingly, VIF overpaid contributions for certain individuals over certain time periods rather than underpaid.

Finally, VIF will show through testimony at trial  that the audit incorrectly includes hundreds of hours worked  by individuals on projects that are not covered by the Collective Bargaining agreement.  Specifically, VIF intends to show that the audit incorrectly finds that VIF

owes contributions for hours worked on three projects that are outside the jurisdiction of the Local 1010, specifically,  the Maple Drive Project, the Halsite  Project and the Hofstra University Project. These projects are not covered projects and thus VIF was not obligated to pay for contributions based on the number of hours worked on these projects.

Based on the foregoing VIF will assert that the audit is incorrect and inaccurate and that Plaintiffs are not entitled to the principal sum they have asserted, nor are they entitled to the interest and liquidated damages based on that sum.

## IV.      Jury/Non-Jury

The parties have conferred and agree that this matter is to be tried without a jury.  Plaintiffs estimate that the presentation of their case-in-chief will require half a day.  Defendant estimates that the presentation of their case-in-chief will require half a day.

## V.      Trial Before Magistrate Judge

The parties have conferred and do not consent to a trial of this matter before a magistrate judge.

## VI.      Stipulations

The parties have agreed that the following statements of fact or law are true and correct, and the Court may consider such facts as conclusively established, without further proof:

1.      VIF Corp. is a corporation incorporated under the laws of the State of New York with its principal place of business at 66-05 Woodhaven Blvd, Rego Park, NY 11374.

2.      The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and are administered at 17-20 Whitestone Expressway, Suite 200, Whitestone, NY 11357.

3.      The Union is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the LMRA, 29 U.S.C. § 142, and Section 3(4) of ERISA, 29, U.S.C. § 1002(4). The Union maintains its principal place of business at 17-20 Whitestone Expressway, Suite 200, Whitestone, NY 11357.

4.      VIF entered into a collective bargaining agreement with the Union dated Jan 9, 2013 for the period July 1, 2012 through June 30, 2015 ("First CBA").

5.      VIF entered into a collective bargaining agreement with the Union dated July 12, 2018 for the period July 1, 2018 through June 30, 2021 ("Second CBA").

6.      The First CBA and the Second CBA are collectively referred to herein as the "CBA".

7.      The CBA required VIF to pay specified contributions to the Funds and related entities on behalf of which the Funds act as collection agents in connection with all work performed within the trade and geographical jurisdiction of the Union.

8.      The geographical jurisdiction of the Union covers Bronx, Kings, New York, Queens, and Richmond counties.

9.      The CBA required VIF to forward specified dues check-offs and other contributions to the Union for each hour of work covered by the CBA performed by VIF's employees.

10.     The CBA required VIF to comply with a payroll audit to confirm it was in compliance with its obligations under the CBA.

11.     Throughout the litigation, VIF complied with the Funds' request to perform an audit covering April 1, 2014 through September 30, 2018 (the "Audit").

12.     An audit was conducted.

VII. <u>**Witnesses**</u>

  *a. Plaintiffs' Witnesses:*

| Witness | Summary of Expected Testimony |
|---|---|
| Francisco Fernandez<br><br>17-20 Whitestone Expressway, Suite 200 Whitestone, NY 11357 | Mr. Fernandez is a Trustee of the Funds and is expected to authenticate documents maintained by the Funds and to testify regarding their standard operating procedure.  In addition, Mr. Fernandez will testify to the collective bargaining agreement, the meaning of the terms of the collective bargaining agreement, pertinent audits, documents and instruments governing the Funds, contributions, and remittance reports. |
| Nikki Taebi<br><br>66 Commack Road, Suite 304 Commack, NY 11725 | Ms. Taebi is expected to testify about the audit and revised audit of the books and records of Defendant for the period of April 1, 2014 through September 30, 2018, which was conducted by Castiglia, LLP. |

  *b. Defendant's Witnesses*

| Witness | Summary of Expected Testimony |
|---|---|
| Vanessa Feliciano | Ms, Feliciano is the principal of VIF Corp. She is expected to testify regarding the inconsistencies of the audit, the over-billing and double billing included in the audit, as well as to give testimony to the location of  several projects incorrectly included in the audit which were outside the jurisdiction of the CBA. |
| Joseph Foley | Joseph Foley is an employee of VIF Corp. He is expected to testify regarding the inconsistencies of the audit, the over-billing and double billing included in the audit, as well as to give testimony to the location of  several projects incorrectly included in the audit which were outside the jurisdiction of the CBA. |

  *c. *<u>**Plaintiffs' Objections**</u>

| Witness | Objection | Basis for Objection |
|---|---|---|
| Vanessa Feliciano | Precluded | Testimony regarding the location of projects should be precluded pursuant to the Court's May 3, 2019 Order. |
| Joseph Foley | Precluded | Testimony regarding the location of projects should be precluded pursuant to the Court's May 3, 2019 Order. |

  *d. *<u>**Defendants' Objections**</u>

| Witness | Objection | Basis for Objection |
|---------|-----------|---------------------|
| Nikki Taebi | Precluded | To the extent that Ms. Taebi's testimony will be offered as that of an expert witness, it should be precluded because Ms. Taebi is not qualified as an expert under the standards set forth in FRE 702. |

## VIII.  Deposition Transcripts

No depositions were conducted in this action.

## IX.  Exhibits

### a.  Plaintiffs' Exhibits:

| Exhibit Number | Description | Objection(s) | Basis for Objection(s) |
|----------------|-------------|--------------|------------------------|
| 1 | Collective Bargaining Agreement Between VIF and the Union July 1, 2012 – June 30, 2015 | None | |
| 2 | Collective Bargaining Agreement Between VIF and the Union July 1, 2015 – June 30, 2018 | Relevance | Plaintiff has not produced a signed copy of this CBA therefore this document lacks authentication and is not relevant to determining this action, in violation of FRE 901, 401 and 402.<br><br>Plaintiff is further precluded from producing a signed copy of this CBA pursuant to Judge Cogan's May 3, 2019 order because it has not heretofore been produced. |
| 3 | Collective Bargaining Agreement | None | |

| | | | |
|---|---|---|---|
| | Between VIF and the Union<br>July 1, 2018 – June 30, 2021 | | |
| 4 | Policy for Collection of Delinquent Fringe Benefit Contributions<br>2009 | Hearsay | The Policy is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801 (c) and 802. |
| | | Relevance | The Policy is an unsigned document which lacks authentication and is therefore not relevant to determining this action, in violation of FRE 901, 401 and 402. |
| 5 | Policy for Collection of Delinquent Fringe Benefit Contributions<br>2018 | Hearsay | The Policy is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801 (c) and 802. |
| | | Relevance | The Policy is an unsigned document which lacks authentication and is therefore not relevant to determining this action, in violation of FRE 901, 401 and 402. |
| 6 | Independent Employer Agreement Remittance Report<br>July 1, 2013 – June 30, 2014 | Precluded | Plaintiff is precluded from entering this document into |

| | | | |
|---|---|---|---|
| | | | evidence pursuant to Judge Cogan's order dated May 3, 2019 because it has not heretofore been produced. |
| | | Hearsay | The Report is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801 (c) and 802. |
| | | Relevance | The Report is an unsigned document which lacks authentication and is therefore not relevant to determining this action, in violation of FRE 901, 401 and 402. |
| 7 | Independent Employer Agreement Remittance Report July 1, 2014 – June 30, 2015 | Precluded | Plaintiff is precluded from entering this document into evidence pursuant to Judge Cogan's order dated May 3, 2019 because it has not heretofore been produced |
| | | Hearsay | The Report is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801 (c) and 802. |

| | | Relevance | The Report is an unsigned document which lacks authentication and is therefore not relevant to determining this action, in violation of FRE 901, 401 and 402. |
|---|---|---|---|
| 8 | Independent Employer Agreement Remittance Report July 1, 2015 – June 30, 2016 | Hearsay | The Report is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801 (c) and 802. |
| | | Relevance | The Report is an unsigned document which lacks authentication and is therefore not relevant to determining this action, in violation of FRE 401 and 402. |
| 9 | Independent Employer Agreement Remittance Report July 1, 2016 – June 30, 2017 | Hearsay | The Report is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801 (c) and 802. |
| | | Relevance | The Report is an unsigned document which lacks authentication and is therefore not relevant to |

| | | | determining this action, in violation of FRE 901, 401 and 402. |
|---|---|---|---|
| 10 | Independent Employer Agreement Remittance Report July 1, 2017 – June 30, 2018 | Hearsay | The Report is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801 (c) and 802. |
| | | Relevance | The Report is an unsigned document which lacks authentication and is therefore not relevant to determining this action, in violation of FRE 401 and 402. |
| 11 | Discrepancy Report, dated October 16, 2018 | Hearsay | The Report is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801 (c) and 802. |
| 12 | Discrepancy Report, dated June 14, 2019 | Hearsay | The Report is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801 (c) and 802. |
| 13 | Letter from V&A to VIF re: August-October 2017 | Relevance | The letter does not make a fact that is of consequence to |

| | | | |
|---|---|---|---|
| | Contributions, dated December 18, 2017 | | determining the action more or less probable, and is thus inadmissible pursuant to FRE 401 and 402. |
| | | Hearsay | The letter is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801 (c) and 802. |
| 14 | Letter from VIF to V&A re: 12/5/17 letter, dated January 25, 2018 | None | |
| 15 | Late Payment Interest Report, dated October 16, 2018 | Hearsay | The Report is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801 (c) and 802. |
| 16 | Letter from Castiglia, LLP to VIF re: Audit, dated April 25, 2018 | Relevance | The letter does not make a fact that is of consequence to determining the action more or less probable, and is thus inadmissible pursuant to FRE 401 and 402. |
| | | Hearsay | The Report is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in |

| | | | violation of FRE 801 (c) and 802. |
|---|---|---|---|
| 17 | Letter from V&A to VIF re: Audit Request, dated July 24, 2018 | Relevance | The letter does not make a fact that is of consequence to determining the action more or less probable, and is thus inadmissible pursuant to FRE 401 and 402. |
| | | Hearsay | The Report is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801 (c) and 802. |
| 18 | E-mail from Vanessa Feliciano (VIF), Subject: Re: Remittance Reports on Hunters Point Project, dated September 31, 2018 | Relevance | The letter does not make a fact that is of consequence to determining the action more or less probable, and is thus inadmissible pursuant to FRE 401 and 402. |
| | | Hearsay | The Report is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801 (c) and 802. |

| 19 | February 9, 2019 Audit Covering April 1, 2014 through September 30, 2018 | Authentication | The Audit report is unsigned and does not indicate who prepared the report, in violation of FRE 901. |
|----|---|---|---|
| 20 | May 9, 2019 Revised Audit Covering April 1, 2014 through September 30, 2018 | Authentication | The Revised Audit report is unsigned and does not indicate who prepared the report, in violation of FRE 901 |
| 21 | Interest Calculations as of June 14, 2019 | Authentication | The Interest Calculations are unsigned and do not indicate who prepared the calculations or how they were calculated, in violation of FRE 901 |
| 22 | Complaint | None | |
| 23 | VIF's Answer | None | |
| 24 | Plaintiffs' First Request for Production of Documents | Relevance | The Request for Documents does not make a fact that is of consequence to determining the action more or less probable, and is thus inadmissible pursuant to FRE 401 and 402 |
| 25 | Plaintiffs' First Set of Interrogatories | Relevance | The Interrogatories do not make a fact that is of consequence to determining the action more or less probable, and is thus inadmissible pursuant to FRE 401 and 402 |
| 26 | VIF's Responses to Plaintiffs' First Request for the Production of Documents | None | |
| 27 | VIF's Responses to Plaintiffs' First Set of Interrogatories | None | |
| 28 | Letter from V&A to VIF's Counsel re: Deficient Discovery Responses | Relevance | The letter does not make a fact that is of consequence to |

| | | | |
|---|---|---|---|
| | | | determining the action more or less probable, and is thus inadmissible pursuant to FRE 401 and 402 |
| 29 | VIF's Notice for Discovery and Inspection | Relevance | VIF's Notice for Discovery and Inspection does not make a fact that is of consequence to determining the action more or less probable, and is thus inadmissible pursuant to FRE 401 and 402 |
| 30 | VIF's Demand for Interrogatories | Relevance | VIF's Demand for Interrogatories does not make a fact that is of consequence to determining the action more or less probable, and is thus inadmissible pursuant to FRE 401 and 402 |
| 31 | Plaintiffs' Responses to VIF's Notice for Discovery and Inspection | Relevance | The Plaintiff's Responses to VIF's Notice for Discovery and Inspection do not make a fact that is of consequence to determining the action more or less probable, and is thus inadmissible pursuant to FRE 401 and 402 |
| 32 | Plaintiffs' Responses to VIF's Demand for Interrogatories | None | |

**b.  *Defendant's Exhibits:***

| Exhibit Number | Description | Objection(s) | Basis for Objection(s) |
|---|---|---|---|
| A. | Employee W-2 Summary and Earnings Record dated 3/31/14 | Hearsay | VIF's payroll is a written statement, stated outside of any testimony at trial, |

| | | | |
|---|---|---|---|
| | | | offered as evidence of the truth of the matter asserted therein, in violation of FRE 801(c) and 802. |
| B. | Employee W-2 Summary dated 6/30/16 | Hearsay | VIF's payroll is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801(c) and 802. |
| C. | Payroll Detail 1/1/17 to 3/31/17 | Hearsay | VIF's payroll is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801(c) and 802. |
| D. | Payroll Detail 1/1/18 to 3/1/18 | Hearsay | VIF's payroll is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801(c) and 802. |
| E. | Employee W-2 Summary and Earnings Record dated 6/30/14 | Hearsay | VIF's payroll is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801(c) and 802. |
| F. | Payroll Detail 4/1/16 to 6/30/16 | Hearsay | VIF's payroll is a written statement, stated outside of any testimony at trial, offered as evidence of |

| | | | |
|---|---|---|---|
| | | | the truth of the matter asserted therein, in violation of FRE 801(c) and 802. |
| G. | Payroll Detail 4/1/17 to 6/30/17 | Hearsay | VIF's payroll is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801(c) and 802. |
| H. | Payroll Detail 4/1/18 to 6/30/18 | Hearsay | VIF's payroll is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801(c) and 802. |
| I. | Employee W-2 Summary and earnings record dated 9/30/14 | Hearsay | VIF's payroll is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801(c) and 802. |
| J. | Payroll Detail 7/1/16 through 9/30/16 | Hearsay | VIF's payroll is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801(c) and 802. |
| K. | Payroll Detail 7/1/17 to 9/30/17 | Hearsay | VIF's payroll is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter |

| | | | |
|---|---|---|---|
| | | | asserted therein, in violation of FRE 801(c) and 802. |
| L. | Payroll Detail 7/1/18 to 9/30/18 | Hearsay | VIF's payroll is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801(c) and 802. |
| M. | W-2 Summary and Earnings Record dated 12/31/14 | Hearsay | VIF's payroll is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801(c) and 802. |
| N. | Payroll detail 10/1/16 to 12/31/16 | Hearsay | VIF's payroll is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801(c) and 802. |
| O. | Payroll detail 10/1/17 to 12/31/17 | Hearsay | VIF's payroll is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801(c) and 802. |
| P. | 2014 W-2s | None | VIF's W-2s are written statements, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in |

| | | | |
|---|---|---|---|
| | | | violation of FRE 801(c) and 802. |
| Q. | Employee W-2 Summary dated 12/31/15 | Hearsay | VIF's payroll is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801(c) and 802. |
| R. | 2015 W-2s | Hearsay | VIF's W-2s are written statements, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801(c) and 802. |
| S. | 2016 W-2s | Hearsay | VIF's W-2s are written statements, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801(c) and 802. |
| T. | 2017 W-2s | Hearsay | VIF's W-2s are written statements, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801(c) and 802. |
| U. | NYS 45 from 2014 | Hearsay | VIF's NYS-45s are written statements, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in |

| | | | violation of FRE 801(c) and 802. |
|---|---|---|---|
| V. | VIF Participant Work History | Hearsay | Fund's work participant work history is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801(c) and 802. |
| W. | Independent Employers Agreements and Reports | Hearsay | VIF's employer reports are written statements, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801(c) and 802. |
| X | Remittance Detail Report 2014 | Hearsay | Fund's remittance detail report is a written statement, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801(c) and 802. |
| Y | Fringe Benefit Contribution Reports April 2014- October 2014 | Hearsay | VIF's remittance reports are written statements, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801(c) and 802. |
| Z | Payroll Reports August 2016- June 2017 | Hearsay | VIF's certified payroll reports are written statements, stated outside of any |

| | | | |
|---|---|---|---|
| | | | testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801(c) and 802. |
| AA | Remittance Reports | Hearsay | VIF's remittance reports and payroll are written statements, stated outside of any testimony at trial, offered as evidence of the truth of the matter asserted therein, in violation of FRE 801(c) and 802. |

## X.   **Relief Sought**

Plaintiffs seek a judgment against VIF for its failure to pay Plaintiffs all contributions as required by the CBA, in an amount to be determined at trial, reflective of: (1) contributions revealed by an audit covering the period April 1, 2014 through September 30, 2018 in the principal amount of $135,094.43; (2) interest on the delinquent contributions at an annual rate of 10%; (3) dues check-offs and other contributions revealed by an audit covering April 1, 2014 through September 30, 2018 in the amount of $14,316.68; (4) interest on the late payment contributions for April 2014 through February 2018 of $13,543.13; (5) liquidated damages in the amount of 10% of the delinquent contributions adjudged to be due and owing; and (6) reasonable attorneys' fees and costs incurred in this action.

**SO ORDERED.**

_____
U.S.D.J.

Dated:  Brooklyn, New York
                    , 2019